UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAURA KELLY,

        Plaintiff,

                              Case No. 20-cv-0130-bhl

  v.

HUDAPACK METAL TREATING INC,

        Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A RULE 23 CLASS, AND CERTIFICATION OF A COLLECTIVE ACTION**

Based on the parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Rule 23 Class and Certification of a Collective Action, as well as the record as a whole,

**IT IS HEREBY ORDERED**:

1. The parties' joint motion for preliminary approval of the parties' Settlement Agreement and Release of Claims (the "Settlement Agreement"), ECF No. 21, is **GRANTED**. The Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement appear to be a fair and reasonable resolution of a *bona fide* dispute between Defendant and all affected employees of Defendant during the relevant timeframes.

2. Plaintiff's Rule 23 class is certified for settlement purposes pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of the Plaintiff's Complaint who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all

> forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

3. Laura Kelly shall serve as the representative for the certified FED. R. CIV. P. 23 class.

4. The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the certified FED. R. CIV. P. 23 class.

5. The Court further certifies this case for settlement purposes as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as follows:

    > All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the three (3) years immediately preceding the filing of the Plaintiff's Complaint who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

6. The Court approves the Notice of Class Action and Collective Action and Proposed Settlement (the "Notice Packet") and Opt-In Consent Form attached as Exhibit B to the Settlement Agreement.

7. The Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

8. Each putative Collective Member who wishes to be included in the Settlement Class must opt-in per the instructions set forth in the Notice Packet.

9. Each putative Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice Packet.

10. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a final order approving the Settlement Agreement.

11. The Court will conduct a Fairness Hearing on **June 24, 2021** at **11:00 a.m.** by telephone to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed final order approving the Settlement Agreement should be entered. To appear by telephone, call the Court's conference line at 1-866-434-5269, and enter access code 1737450# before the scheduled hearing time.

12. Plaintiff shall apply for attorneys' fees and costs at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h).

13. Any Class or Collective Member who wishes to object in any way to the proposed Settlement Agreement or to the Plaintiff's application for attorneys' fees and costs must file and serve such written objections per the instructions set forth in the Notice Packet no later than fourteen (14) prior to the Fairness Hearing, together with copies of all papers in support of his or her position. The Court will not consider objections of any Class or Collective Member who has not properly served copies of his or her objections on a timely basis.

Dated at Milwaukee, Wisconsin on April 20, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge