UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LAURA KELLY
on behalf of herself and all
others similarly situated,

       Plaintiff,                        Case No. 20-cv-130

      v.

HUDAPACK METAL TREATING, INC.

       Defendant

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Laura Kelly ("Kelly"), on behalf of herself and all others similarly-situated, and Defendant, Hudapack Metal Treating, Inc. ("Hudapack"), jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 21-1.)

Accordingly, the parties request that the Court:

1.     Certify, for purposes of settlement, the Wisconsin Wage Payment and Collection Laws ("WWPCL") Class pursuant to FED. R. CIV. P. 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA") Collective pursuant to 29 U.S.C. § 216(b);

2.     Appoint Laura Kelly as Class Representative for the Rule 23 Class and the FLSA Collective;

3.     Appoint Walcheske & Luzi, LLC as Class Counsel for the Rule 23 Class and the FLSA Collective;

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Rule 23;

5. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

6. Approve the settlement payments to the members of the Rule 23 Class and the FLSA Collective (collectively, the "Settlement Class");

7. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of its Order;

8. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Plaintiff's unopposed request for approval of its attorneys' fees and case-related costs and expenses in the amount of $25,000.00, which the parties have stipulated and agreed are reasonable;

11. Grant Plaintiff's unopposed request for approval of her service award in the amount of $3,000.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims;

13. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in this Agreement;

14. Dismiss with prejudice the WWPCL Claims of the putative members of the Rule 23 Class who fail to timely request exclusion from the Settlement Class pursuant to this Court's prior orders; and

15. Dismiss without prejudice the WWPCL Claims of the putative members of the Rule 23 Class who timely requested exclusion from the Settlement Class pursuant to this Court's prior orders.

## **SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On April 15, 2021, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 21), and their fully executed "Settlement Agreement and Release." (ECF No. 21-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of the Plaintiff's Complaint who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

("Collective Members") (*See* ECF No. 21-1 § 1.2.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "Rule 23 Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of the Plaintiff's Complaint who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or

lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

("Class Members") (*See* ECF No. 16-1 § 1.1.)

On April 20, 2021, this Court preliminarily approved the parties' settlement. (ECF No. 22.). Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and Rule 23 Class;

(3) Appointed, for settlement purposes only, Laura Kelly as the Class Representative for the FLSA Collective and Rule 23 Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the putative FLSA Collective have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-in to the FLSA Collective; and

(7) Ordered that members of the putative Rule 23 Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to exclude themselves from the Rule 23 Class.

The Court has scheduled a Fairness Hearing for June 24, 2021 at 11:00 a.m. (ECF No. 22.)

On May 4, 2021, Plaintiff's counsel caused the "Notice of Class and Collective Action and Proposed Settlement" to be sent via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 17.) FLSA Collective members had thirty (30) calendar days after May 4, 2021 – or until June 3, 2021 – to opt-in to the FLSA Collective

(hereinafter simply, the "FLSA Notice Period"). (*Id.*) By the end of the FLSA Notice Period, fifteen (15) members of the Settlement Class, including Plaintiff, timely submitted their Opt-In Consent Forms to Walcheske & Luzi, LLC. (*Id.*) Said Opt-In Consent Forms were filed with this Court. (ECF Nos. 23 and 25.)

Likewise, Rule 23 Class members had thirty (30) calendar days after May 4, 2021– or until June 3, 2021 – to elect exclusion from the Rule 23 Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, one (1) member of the Settlement Class chose to exclude himself from the Rule 23 Class. (ECF No. 24.) In total, there are one hundred and thirty-nine (139) individuals who are Rule 23 Class Members, including Plaintiff. (Potteiger Decl., ¶ 18.)

To date, Plaintiff's counsel has not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 26.)

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 21-1 § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will cause the settlement checks to be sent to the Settlement Class via U.S. Mail as soon as practicable. (*Id*.) Settlement Class members will have one-hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (ECF No. 21-1 § 2.4.)

# DISCUSSION

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Hudapack violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. During the pendency of this litigation, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (Potteiger Decl., ¶¶ 11-14.) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 21-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed Plaintiff's claims against Hudapack under the FLSA and the WWPCL. (Potteiger Decl., ¶¶ 11-14.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes the weaknesses and potential issues on which she would be required to prevail if the case proceeded to trial, including, but not limited to, establishing that bonuses and other compensation was, in fact, non-discretionary and thus should be included in overtime compensation, that the Rule 23 Class and the FLSA Collective are similarly situated to Kelly, in fact, for purposes of final certification, that Hudapack did not act in good faith, and that Hudapack did willfully violate the FLSA in order for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id.* at ¶ 14.)

Considering the number of issues faced, Kelly recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery,

depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant additional and continued discovery immediately before settlement that would have required significant investment from all parties and their counsel before dispositive motions and trial. Even if Kelly were to prevail at trial, there is still the prospect that Hudapack would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id*.)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Kelly and the Settlement Class in that the Settlement Class will receive monetary amounts that fairly and accurately represent 73% their individual and actual overtime damages allegedly owed for the two-year statutory period under the FLSA. (ECF No. 21-1, Ex. A; Potteiger Decl., ¶ 13.)

Specifically and in regards to Plaintiff's allegation that Defendant failed to include non-discretionary compensation in the Settlement Class members' regular rates of pay for overtime compensation purposes, Hudapack recalculated Settlement Class members' regular rates of pay for overtime compensation purposes utilizing an approved methodology adopted by the United States Department of Labor ("DOL") as applied to Defendant's actual wage and timekeeping data. (*Id.* at ¶ 12.) Defendant then determined the amount of unpaid overtime wages based upon certain assumptions the parties deemed to be reasonable. (*Id.*) Thereafter, Plaintiff similarly recalculated regular rates of pay for overtime compensation purposes for a representative selection of Settlement Class members utilizing the same methodology adopted by the DOL as applied to Defendant's actual wage and timekeeping data. (*Id.*) Plaintiff's and Defendant's calculations were then compared. (*Id.*) The parties' negotiations were predicated upon the total unpaid wages due to

the Settlement Class, if Plaintiff prevailed on all claims and causes of action, and thereafter reduced in an amount commensurate with the uncertainty of cost and risk in litigation. (*Id.*) Thus, the overall balance supports approval of settlement. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006).

The settlement will provide Kelly and the Settlement Class with a significant recovery while eliminating the risks and costs both Kelly and Hudapack would bear if this litigation continued to a decision on the merits. (Potteiger Decl., ¶ 13.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 27.)

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, WIS. STAT. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides for Plaintiff's counsel attorneys' fees and case-related costs and expenses. (ECF No. 16-1, ¶ 3.2(A).) This total amount is representative of Plaintiff's counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter to date together with Plaintiff's actual costs. (Potteiger Decl., ¶ 25.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 28) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 29), and Hudapack has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 21-1.)

## CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the Rule 23 Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Appoint Plaintiff, Laura Kelly, as Class Representative for the Rule 23 Class and the FLSA Collective;

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the Rule 23 Class and the FLSA Collective;

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

5. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

6. Approve the settlement payments to the Settlement Class;

7. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of this Order;

8. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs and expenses in the amount of $25,000.00, which the parties have stipulated and agreed are reasonable;

11. Grant Plaintiff's unopposed request for approval her service award in the amount of $3,000.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims;

13. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-in to the FLSA Collective in full accordance with the procedures set forth in prior Orders of this Court;

14. Dismiss with prejudice the WWPCL Claims of the putative members of the Rule 23 Class who did not properly or timely exclude themselves from the Rule 23 Class in accordance with the procedures set forth in the prior Orders of this Court; and,

15. Dismiss without prejudice the WWPCL Claims of the putative members of the Rule 23 Class who did properly and timely exclude themselves from the Rule 23 Class in full accordance with the procedures set forth in prior Orders of this Court.

Dated this 3rd day of June, 2021

| | |
|---|---|
| **_s/ David M. Potteiger_** | **_s/ Mitchell W. Quick_** |
| James A. Walcheske, SBN 1065635 | Mitchell W. Quick, SBN 1001493 |
| Scott S. Luzi, SBN 1067405 | Scott C. Beightol, SBN 1006422 |
| David M. Potteiger, SBN 1067009 | Elizabeth A. Odian, SBN 1084776 |
| | |
| WALCHESKE & LUZI, LLC | MICHAEL BEST & FRIEDRICH, LLP |
| 15850 W. Bluemound Road, Suite 304 | 790 N. Walter Street, Suite 2500 |
| Brookfield, Wisconsin 53005 | Milwaukee, Wisconsin 53202 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 271-6560 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: mwquick@michaelbest.com |
| Email: sluzi@walcheskeluzi.com | Email: scbeightol@michaelbest.com |
| Email: dpotteiger@walcheskeluzi.com | Email: eaodian@michaelbest.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |